**STATE OF SOUTH CAROLINA**                )

**COUNTY OF** <u>HORRY</u>                          )

                                                              )
STACY LANGSDORF                              )
                                          **Plaintiff(s)**      )
                                                              )
                        **vs.**                              )
                                                              )
___MARRIOTT INTERNATIONAL, INC d/b/a  )
MARRIOTT BONVOY d/b/a MARRIOTT
MYRTLE BEACH RESORT & SPA AT
GRANDE DUNES, COLUMBIA SUSSEX
CORPORATION, and COLUMBIA
PROPERTIES MYRTLE BEACH, LLC___

                                        **Defendant(s)**   )

**IN THE COURT OF COMMON PLEAS**

**CIVIL ACTION COVERSHEET**

<u>2020</u>-CP - <u>26</u>- 0005 1

| | |
|---|---|
| **Submitted By:** <u>Stacy Langsdorf</u> | **SC Bar #:** |
| **Address:** <u>39 Newton Road</u> | **Telephone #:** 516-439-2294 |
| <u>Hampton Bays, NY 11946</u> | **Fax #:** |
| | **Other:** |
| | **E-mail:** <u>hairaiser1172@gmail.com</u> |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. This form is NOT required to be filed in E-Filed Cases.

## DOCKETING INFORMATION (*Check all that apply*)

***If Action is Judgment/Settlement do not complete***

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (*Check One Box Below*)

| **Contracts** | **Torts - Professional Malpractice** | **Torts – Personal Injury** | **Real Property** |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☒ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___ -NI-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| Warranty (160) | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| | | | |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| | | | |
| ☐ Other (199) _____ | | | |

| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | | Settlement Payment Rights | ☐ Zoning Board (970) |
| | | Application (760) | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| **Special/Complex /Other** | | ☐ Petition for Workers | |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | Compensation Settlement | ☐ Other (999) _____ |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |

SCCA / 234 (02/2018)

PAID

Page 1 of 2

| ☐ | Medical (620) | ☐ | Out-of State Depositions (650) | ☐ | Approval (780) Incapacitated Adult Settlement (790) |
| ☐ | Other (699) _____ | ☐ | Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ | Sexual Predator (510) | ☐ | Pre-Suit Discovery (670) | ☐ | Other (799) _____ |
| ☐☐ | Permanent Restraining Order (680) Interpleader (690) | | | | |

**Submitting Party Signature:** ~~Stan Langford~~     **Date:** *10/19/2020*

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF HORRY | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT |
| STACY LANGSDORF, | C/A No.: 2020-CP-26-_____ |
| *Plaintiff*, | |
| v. | **SUMMONS** |
| | **(Jury Trial Demanded)** |
| MARRIOTT INTERNATIONAL, INC<br>d/b/a MARRIOTT BONVOY d/b/a<br>MARRIOTT MYRTLE BEACH<br>RESORT & SPA AT GRANDE DUNES, | |
| *Defendant*. | |

**TO:   THE DEFENDANTS ABOVE-NAMED**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is served upon you, and to serve a copy of your Answer to said Complaint on the undersigned at 39 Newton Road, Hampton Bays, New York 11946, within thirty days after service thereof, exclusive of the date of such service. If you fail to answer, appear, or otherwise plead within the time aforesaid, the Plaintiff in this action will move the Court for judgment by default for the relief demanded in this Complaint and any other relief the Court may deem just or proper.

Respectfully submitted,

**GOLDFINCH WINSLOW, LLC**

By: _Stacy Langsdorf_
Stacy Langsdorf

October _19th_, 2020

FILED
HORRY COUNTY
2020 OCT 20 P 4: 12
RENEE N. ELVIS
CLERK OF COURT
HORRY COUNTY, SC

Page 1 of 1

STATE OF SOUTH CAROLINA
COUNTY OF HORRY

STACY LANGSDORF,

                                    *Plaintiff*,

v.

MARRIOTT INTERNATIONAL, INC
d/b/a MARRIOTT BONVOY d/b/a
MARRIOTT MYRTLE BEACH
RESORT & SPA AT GRANDE
DUNES, COLUMBIA SUSSEX
CORPORATION, and COLUMBIA
PROPERTIES MYRTLE BEACH, LLC,

                                    *Defendant*.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

C/A No.: 2020-CP-26-4051

**COMPLAINT**

**(Jury Trial Demanded)**

FILED HORRY COUNTY
2020 OCT 20 P 4: 12
RENEE N. ELVIS
CLERK OF COURT
HORRY COUNTY, SC

        Plaintiff Stacy Langsdorf ("Plaintiff"), by and through her undersigned attorneys,

brings this Complaint against Defendants Marriott International Inc, d/b/a Marriott

Bonvoy d/b/a Marriott Myrtle Beach Resort & Spa at Grande Dunes, Columbia Sussex

Corporation, and Columbia Properties Myrtle Beach, LLC, collectively known as

"Defendants," based upon the allegations set forth herein.

                                    **PARTIES**

        1.      Plaintiff Stacy Langsdorf is a citizen and resident of New York.

        2.      Defendant Marriott International Inc, d/b/a Marriott Bonvoy d/b/a Marriott

Myrtle Beach Resort & Spa at Grande Dunes ("Defendant"), upon information and

belief, is a business organized, and existing under the laws of the State of Delaware

with its principal place of business located in Horry County, South Carolina.

        3.      Defendant Columbia Properties Myrtle Beach, LLC ("Defendant Columbia

Properties"), upon information and belief, owns the land and building located at 8400

Costa Verde Drive, Myrtle Beach, South Carolina 29572, and is a business organized,

and existing under the laws of the State of Delaware doing business in Horry County, South Carolina.

4.    Defendant Columbia Sussex Corporation ("Defendant Columbia Sussex"), upon information and belief, is a business organized, and existing under the laws of the State of Kentucky, doing business in Horry County, South Carolina.

5.    Upon information and belief, Defendants constructed, or caused to be constructed, and at all times relevant hereto was and is the owner of the facilities existing on the parcel located at 8400 Costa Verde Drive, Myrtle Beach, South Carolina 29572. For simplicity, the parcel and facilities, when referenced collectively, are hereinafter referred to as the "premises."

6.    Upon information and belief, all Defendants control, possess, and/or manage the premises.

7.    The Defendants, at all times relevant hereto and upon information and belief, did independently, jointly, and/or severally:

    a.    exercise ownership or act as an owner;

    b.    control and/or have the right to control; and/or

    c.    were required to, did assume, and/or did undertake to provide or otherwise ensure provision of general maintenance on the premises, either in whole or in part.

2.    Upon information and belief, Defendants exert control and/or has the right and power to exert such control over the premises in at least one or more particular aspects which included, but are not limited to:

    a.    Business operations;

    b.    Operating procedures;

    c.    Design, construction and repair of premises;

d.    Procedures for documenting incidents or injuries that occur, such as those persons that become injured while permissibly on the premises;

e.    Inspection, discovery, and/or reporting of dangerous conditions on the premises; and

f.    Such other and/or further such particulars as may be learned through discovery, trial, or otherwise.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over all of Plaintiff's claims alleged herein.

4.    Venue in this Court is proper as the acts and/or omissions giving rise to and resulting in Plaintiff's injuries, as alleged herein, occurred and/or induced such injuries in Horry County, South Carolina.

## FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Gross Negligence

5.    Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth verbatim fully herein.

6.    Upon information and belief, Defendants provided a hotel room to Plaintiff. As part of said hotel room, Defendants also provided Plaintiff with a shower for her use.

7.    On or about, October 21, 2017, the Plaintiff was using the shower located in her room on the premises.

8.    Upon attempting to exit the shower, the shower door, designed as a barn door, collapsed on Plaintiff, shattering and knocking Plaintiff to the ground.

9. .   At all times relevant hereto, the Plaintiff entered onto the Defendants' premises as an invitee and/or guest and remained an invitee and/or guest while on the Defendants' premises.

10.    As Plaintiff was using Defendants' provided shower, Plaintiff encountered a dangerous condition, created by Defendants, and about which the Defendants knew and/or should have known in the exercise of reasonable inspection, and about which the Defendants were on notice but failed to correct, which constituted a latent defect on the premises, which was neither open nor obvious, and about which the Plaintiff assumed no risk, namely an unsafe design and installation of shower door.

11.    The Plaintiff as a direct and proximate result of the defect on the premises and the negligent, grossly negligent, willful, wanton, and/or reckless acts and/or omissions of the Defendants, independently and/or joint and severally, fell and suffered severe injuries, including but not limited to; severe left wrist injury, lacerations, and bruising, all of which required immediate medical attention and, subsequently, continued medical treatment.

12.    The Plaintiff entered Defendants' premises upon a matter of advantage and benefit to each Defendants.

13.    The Plaintiff entered Defendants' premises upon an express and/or implied invitation in connection with the Defendants.

14.    Accordingly, as owner and/or occupier of the premises, the Defendants, independently and collectively, owed to, and were required to exercise, the highest duties of care toward the Plaintiff and all of those duties were well-established under South Carolina premises liability law.

15.    Each Defendant further owed to the Plaintiff the duty to warn of hidden or latent dangerous conditions of which either of the Defendants knew or, in the exercise of reasonable inspection of the premises, could have or should have known.

16.    Each Defendant further owed to the Plaintiff the duty to have and maintain the premises in a reasonably safe condition.

17.    Each Defendant further owed to the Plaintiff the duty of due care to inspect, discover, and give warning of any latent or concealed dangerous conditions on the premises.

18.    Each Defendant further owed to the Plaintiff the duty of due care to discover any latent or concealed dangerous conditions on the premises and to further take all safety precautions necessary to warn of all such conditions and/or remedy or eliminate those conditions.

19.    The Plaintiff was entitled to expect and reasonably did expect that each Defendant would take and exercise reasonable and due care to discover and know the actual conditions prevailing at the time the Plaintiff was on the premises and, further, to take all safety measures necessary to make all such conditions safe.

20.    Each Defendant had actual and/or constructive notice of the hazard and dangerous condition, that the Plaintiff encountered through no fault of her own.

21.    To the extent that Defendants allege that it or they did not create the dangerous condition, such dangerous condition existed for such a length of time prior to the injury that, under the circumstances, Defendants should have discovered and remedied the condition in the exercise of due care as set forth above.

22.    Each Defendant was aware of or should have been aware of the dangerous condition, did not take any action to minimize or avoid the danger and did not attempt to warn the Plaintiff of the danger, and thus Defendants breached said

duties and were thereby negligent, grossly negligent, reckless, willful, and/or wanton in at least one or more of the following particulars:

a.    Failing to maintain the premises;

b.    Failing to exercise due care;

c.    Failing to do what a reasonable person or entity would have done under the circumstances;

d.    Failing to properly inspect the premises;

e.    Failing to warn the Plaintiff;

f.    Failing to hire adequate personnel;

g.    Failing to hire adequately trained personnel;

h.    Failing to adequately and/or properly train personnel;

i.    Failing to adequately and/or properly manage personnel;

j.    Failing to develop adequate policies and/or procedures;

k.    Failing to enforce adequate policies and/or procedures;

l.    Failing to take actions to correct or cause to be corrected dangerous condition(s) known to exist;

m.    Failing to take actions to correct or cause to be corrected dangerous condition(s) which, in the exercise of due care, should have been known to exist; and/or

n.    In other and/or further such particulars as may be learned through discovery, trial, or otherwise.

23.    Defendants' negligence, gross negligence, recklessness, willfulness, and/or wantonness created the latent dangerous conditions and/or allowed such latent dangerous conditions to persist on the premises which proximately caused the Plaintiff's injuries which include, but are not limited to:

a.    Physical pain;

b.    Suffering;

c. Mental anguish;

d. Emotional distress;

e. Lost wages;

f. Permanent impairment of health and/or bodily efficiency;

g. Loss of enjoyment of Plaintiff's life;

h. Loss of sleep;

i. Loss of ability to adequately concentrate;

j. Increased susceptibility to future injury;

k. Substantial expenses incurred in provision of reasonable and necessary medical services;

l. Expenses incurred in transportation to and from provides of reasonable and necessary medical services; and

m. Such other and/or further such particulars as may be learned through discovery, trial, or otherwise.

24. The Plaintiff had no knowledge or reason to suspect danger with regard to the latent dangerous condition contained on Defendants' premises.

25. The Plaintiff exercised ordinary and reasonable due care for herself at all times herein.

26. As a direct and proximate result of the aforementioned acts and/or omissions constituting negligence, gross negligence, recklessness, willfulness, wantonness, and/or carelessness on the part of the Defendants, the Plaintiff has sustained and suffered physical harm and injury, pain and suffering, and distress all of which resulted in the Plaintiff incurring medical expenses for medical treatment and services.

**WHEREFORE,** Plaintiff Stacy Langsdorf prays that judgment be entered in favor of Plaintiff against Defendants Marriott International Inc, d/b/a Marriott Bonvoy d/b/a

Marriott Myrtle Beach Resort & Spa at Grande Dunes, Columbia Sussex Corporation, and Columbia Properties Myrtle Beach, LLC, jointly and severally, as follows:

1.    Actual and compensatory damages, in an amount sufficient to compensate for the injuries and damages sustained as may be determined by a jury;

2.    Nominal, incidental, and consequential damages, in an amount to be determined by a jury;

3.    Punitive damages, adequate to punish the Defendants named for wrongful behavior, sufficient to deter the Defendants named and others from continuing and/or repeating such similar conduct warranting punishment, in an amount to be determined by a jury;

4.    All costs, interest as authorized by law, disbursements, and all reasonable attorney's fees associated with this action; and

5.    Any and all such other and further relief as this Court or the trier of fact may deem just and proper.

Respectfully submitted,

**GOLDFINCH WINSLOW, LLC**

By:    _Stacy Langsdorf_

Stacy Langsdorf

October_ 19th _, 2020

ELECTRONICALLY FILED - 2020 Dec 29 11:11 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF HORRY<br><br>STACY LANGSDORF,<br><br><div align="right">*Plaintiff,*</div><br>v.<br><br>MARRIOTT INTERNATIONAL, INC<br>d/b/a MARRIOTT BONVOY d/b/a<br>MARRIOTT MYRTLE BEACH<br>RESORT & SPA AT GRANDE<br>DUNES,<br><br><div align="right">*Defendant.*</div> | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>C/A No.: 2020-CP-26-06051<br><br>**AMENDED SUMMONS**<br><br>**<u>(Jury Trial Demanded)</u>** |

**TO: THE DEFENDANTS ABOVE-NAMED**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is served upon you, and to serve a copy of your Answer to said Complaint on the undersigned at 11019 Ocean Highway, Pawleys Island, South Carolina 29585, within thirty days after service thereof, exclusive of the date of such service. If you fail to answer, appear, or otherwise plead within the time aforesaid, the Plaintiff in this action will move the Court for judgment by default for the relief demanded in this Complaint and any other relief the Court may deem just or proper.

Respectfully submitted,

**GOLDFINCH WINSLOW, LLC**

<u>/s/ Allie D. Argoe</u>
Allie D. Argoe (#102178)
11019 Ocean Highway
Pawleys Island, SC 29585
Telephone 843.357.9301
Facsimile 843.357.9303
allie@goldfinchwinslow.com
Attorney for Plaintiff

Pawleys Island, South Carolina
December 29, 2020

ELECTRONICALLY FILED - 2020 Dec 29 11:11 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

STATE OF SOUTH CAROLINA
COUNTY OF HORRY

STACY LANGSDORF,

*Plaintiff*,

v.

MARRIOTT INTERNATIONAL, INC
d/b/a MARRIOTT BONVOY d/b/a
MARRIOTT MYRTLE BEACH
RESORT & SPA AT GRANDE
DUNES, COLUMBIA SUSSEX
CORPORATION, and COLUMBIA
PROPERTIES MYRTLE BEACH,
LLC,

*Defendant*.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

C/A No.: 2020-CP-26-<u>06051</u>

**AMENDED COMPLAINT**

**<u>(Jury Trial Demanded)</u>**

Plaintiff Stacy Langsdorf ("Plaintiff"), by and through her undersigned attorneys, brings this Complaint against Defendants Marriott International Inc, d/b/a Marriott Bonvoy d/b/a Marriott Myrtle Beach Resort & Spa at Grande Dunes, Columbia Sussex Corporation, and Columbia Properties Myrtle Beach, LLC, collectively known as "Defendants," based upon the allegations set forth herein.

## <u>PARTIES</u>

1.       Plaintiff Stacy Langsdorf is a citizen and resident of New York.

2.       Defendant Marriott International Inc, d/b/a Marriott Bonvoy d/b/a Marriott Myrtle Beach Resort & Spa at Grande Dunes ("Defendant"), upon information and belief, is a business organized, and existing under the laws of the State of Delaware with its principal place of business located in Horry County, South Carolina.

ELECTRONICALLY FILED - 2020 Dec 29 11:11 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

3.     Defendant Columbia Properties Myrtle Beach, LLC ("Defendant Columbia Properties"), upon information and belief, owns the land and building located at 8400 Costa Verde Drive, Myrtle Beach, South Carolina 29572, and is a business organized, and existing under the laws of the State of Delaware doing business in Horry County, South Carolina.

4.     Defendant Columbia Sussex Corporation ("Defendant Columbia Sussex"), upon information and belief, is a business organized, and existing under the laws of the State of Kentucky, doing business in Horry County, South Carolina.

5.     Upon information and belief, Defendants constructed, or caused to be constructed, and at all times relevant hereto was and is the owner of the facilities existing on the parcel located at 8400 Costa Verde Drive, Myrtle Beach, South Carolina 29572. For simplicity, the parcel and facilities, when referenced collectively, are hereinafter referred to as the "premises."

6.     Upon information and belief, all Defendants control, possess, and/or manage the premises.

7.     The Defendants, at all times relevant hereto and upon information and belief, did independently, jointly, and/or severally:

      a.     exercise ownership or act as an owner;

      b.     control and/or have the right to control; and/or

      c.     were required to, did assume, and/or did undertake to provide or otherwise ensure provision of general maintenance on the premises, either in whole or in part.

ELECTRONICALLY FILED - 2020 Dec 29 11:11 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

2.     Upon information and belief, Defendants exert control and/or has the right and power to exert such control over the premises in at least one or more particular aspects which included, but are not limited to:

    a.     Business operations;

    b.     Operating procedures;

    c.     Design, construction and repair of premises;

    d.     Procedures for documenting incidents or injuries that occur, such as those persons that become injured while permissibly on the premises;

    e.     Inspection, discovery, and/or reporting of dangerous conditions on the premises; and

    f.     Such other and/or further such particulars as may be learned through discovery, trial, or otherwise.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over all of Plaintiff's claims alleged herein.

4.     Venue in this Court is proper as the acts and/or omissions giving rise to and resulting in Plaintiff's injuries, as alleged herein, occurred and/or induced such injuries in Horry County, South Carolina.

## FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Gross Negligence

5.     Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth verbatim fully herein.

6.     Upon information and belief, Defendants provided a hotel room to Plaintiff. As part of said hotel room, Defendants also provided Plaintiff with a shower for her use.

ELECTRONICALLY FILED - 2020 Dec 29 11:11 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

7.    On or about, October 21, 2017, the Plaintiff was using the shower located in her room on the premises.

8.    Upon attempting to exit the shower, the shower door, designed as a barn door, collapsed on Plaintiff, shattering and knocking Plaintiff to the ground.

9.    At all times relevant hereto, the Plaintiff entered onto the Defendants' premises as an invitee and/or guest and remained an invitee and/or guest while on the Defendants' premises.

10.    As Plaintiff was using Defendants' provided shower, Plaintiff encountered a dangerous condition, created by Defendants, and about which the Defendants knew and/or should have known in the exercise of reasonable inspection, and about which the Defendants were on notice but failed to correct, which constituted a latent defect on the premises, which was neither open nor obvious, and about which the Plaintiff assumed no risk, namely an unsafe design and installation of shower door.

11.    The Plaintiff as a direct and proximate result of the defect on the premises and the negligent, grossly negligent, willful, wanton, and/or reckless acts and/or omissions of the Defendants, independently and/or joint and severally, fell and suffered severe injuries, including but not limited to, severe left wrist injury, lacerations, and bruising, all of which required immediate medical attention and, subsequently, continued medical treatment.

12.    The Plaintiff entered Defendants' premises upon a matter of advantage and benefit to each Defendants.

ELECTRONICALLY FILED - 2020 Dec 29 11:11 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

13.    The Plaintiff entered Defendants' premises upon an express and/or implied invitation in connection with the Defendants.

14.    Accordingly, as owner and/or occupier of the premises, the Defendants, independently and collectively, owed to, and were required to exercise, the highest duties of care toward the Plaintiff and all of those duties were well-established under South Carolina premises liability law.

15.    Each Defendant further owed to the Plaintiff the duty to warn of hidden or latent dangerous conditions of which either of the Defendants knew or, in the exercise of reasonable inspection of the premises, could have or should have known.

16.    Each Defendant further owed to the Plaintiff the duty to have and maintain the premises in a reasonably safe condition.

17.    Each Defendant further owed to the Plaintiff the duty of due care to inspect, discover, and give warning of any latent or concealed dangerous conditions on the premises.

18.    Each Defendant further owed to the Plaintiff the duty of due care to discover any latent or concealed dangerous conditions on the premises and to further take all safety precautions necessary to warn of all such conditions and/or remedy or eliminate those conditions.

19.    The Plaintiff was entitled to expect and reasonably did expect that each Defendant would take and exercise reasonable and due care to discover and know the actual conditions prevailing at the time the Plaintiff was on the premises and, further, to take all safety measures necessary to make all such conditions safe.

ELECTRONICALLY FILED - 2020 Dec 29 11:11 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

20.    Each Defendant had actual and/or constructive notice of the hazard and dangerous condition, that the Plaintiff encountered through no fault of her own.

21.    To the extent that Defendants allege that it or they did not create the dangerous condition, such dangerous condition existed for such a length of time prior to the injury that, under the circumstances, Defendants should have discovered and remedied the condition in the exercise of due care as set forth above.

22.    Each Defendant was aware of or should have been aware of the dangerous condition, did not take any action to minimize or avoid the danger and did not attempt to warn the Plaintiff of the danger, and thus Defendants breached said duties and were thereby negligent, grossly negligent, reckless, willful, and/or wanton in at least one or more of the following particulars:

a.    Failing to maintain the premises;

b.    Failing to exercise due care;

c.    Failing to do what a reasonable person or entity would have done under the circumstances;

d.    Failing to properly inspect the premises;

e.    Failing to warn the Plaintiff;

f.    Failing to hire adequate personnel;

g.    Failing to hire adequately trained personnel;

h.    Failing to adequately and/or properly train personnel;

i.    Failing to adequately and/or properly manage personnel;

j.    Failing to develop adequate policies and/or procedures;

k.    Failing to enforce adequate policies and/or procedures;

ELECTRONICALLY FILED - 2020 Dec 29 11:11 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

l.    Failing to take actions to correct or cause to be corrected dangerous condition(s) known to exist;

m.   Failing to take actions to correct or cause to be corrected dangerous condition(s) which, in the exercise of due care, should have been known to exist; and/or

n.    In other and/or further such particulars as may be learned through discovery, trial, or otherwise.

23.    Defendants' negligence, gross negligence, recklessness, willfulness, and/or wantonness created the latent dangerous conditions and/or allowed such latent dangerous conditions to persist on the premises which proximately caused the Plaintiff's injuries which include, but are not limited to:

a.    Physical pain;

b.    Suffering;

c.    Mental anguish;

d.    Emotional distress;

e.    Lost wages;

f.    Permanent impairment of health and/or bodily efficiency;

g.    Loss of enjoyment of Plaintiff's life;

h.    Loss of sleep;

i.    Loss of ability to adequately concentrate;

j.    Increased susceptibility to future injury;

k.    Substantial expenses incurred in provision of reasonable and necessary medical services;

l.    Expenses incurred in transportation to and from provides of reasonable and necessary medical services; and

m.   Such other and/or further such particulars as may be learned through discovery, trial, or otherwise.

ELECTRONICALLY FILED - 2020 Dec 29 11:11 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

24.    The Plaintiff had no knowledge or reason to suspect danger with regard to the latent dangerous condition contained on Defendants' premises.

25.    The Plaintiff exercised ordinary and reasonable due care for herself at all times herein.

26.    As a direct and proximate result of the aforementioned acts and/or omissions constituting negligence, gross negligence, recklessness, willfulness, wantonness, and/or carelessness on the part of the Defendants, the Plaintiff has sustained and suffered physical harm and injury, pain and suffering, and distress all of which resulted in the Plaintiff incurring medical expenses for medical treatment and services.

**WHEREFORE,** Plaintiff Stacy Langsdorf prays that judgment be entered in favor of Plaintiff against Defendants Marriott International Inc, d/b/a Marriott Bonvoy d/b/a Marriott Myrtle Beach Resort & Spa at Grande Dunes, Columbia Sussex Corporation, and Columbia Properties Myrtle Beach, LLC, jointly and severally, as follows:

1.    Actual and compensatory damages, in an amount sufficient to compensate for the injuries and damages sustained as may be determined by a jury;

2.    Nominal, incidental, and consequential damages, in an amount to be determined by a jury;

3.    Punitive damages, adequate to punish the Defendants named for wrongful behavior, sufficient to deter the Defendants named and others from

ELECTRONICALLY FILED - 2020 Dec 29 11:11 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

continuing and/or repeating such similar conduct warranting punishment, in an amount to be determined by a jury;

4.    Any and all costs, expenses and attorney fees associated with this action;

5.    All costs, interest as authorized by law, disbursements, and all reasonable fees associated with this action; and

6.    Any and all such other and further relief as this Court or the trier of fact may deem just and proper.

Respectfully submitted,

**GOLDFINCH WINSLOW, LLC**

/s/ Allie D. Argoe
Allie D. Argoe (#102178)
11019 Ocean Highway
Pawleys Island, SC 29585
Telephone 843.357.9301
Facsimile 843.357.9303
allie@goldfinchwinslow.com
Attorney for Plaintiff

Pawleys Island, South Carolina
December 29, 2020

ELECTRONICALLY FILED - 2020 Dec 29 11:11 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | |
| | ) | Civil Action No. 2020-CP-26-<u>06051</u> |
| STACY LANGSDORF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF MOTION AND MOTION TO** |
| v. | ) | **BE RELIEVED AS COUNSEL FOR THE** |
| | ) | **PLAINTIFF** |
| MARRIOTT INTERNATIONAL, INC | ) | |
| d/b/a MARRIOTT BONVOY d/b/a | ) | |
| MARRIOTT MYRTLE BEACH RESORT | ) | |
| & SPA AT GRANDE DUNES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**YOU WILL PLEASE TAKE NOTICE** that Allie D. Argoe, Esq., Thomas W. Winslow, Esq., and the law firm of Goldfinch Winslow, LLC attorneys for the Plaintiff above-named, will move at the earliest possible time for an Order before the Chief Administrative Judge of Horry County Court in the Fifteenth Judicial Circuit to be relieved as counsel for the Plaintiff due to the Plaintiff hiring counsel on a limited basis to merely file this action on her behalf as she is out of state. Plaintiff did not hire counsel to represent her throughout the litigation of this matter. This Motion is appropriate pursuant to Rule 407, South Carolina Rules and specifically 1.16(b)(1), South Carolina Rules of Professional Conduct.

This Motion is based upon the following grounds:

1.     Plaintiff will not be prejudiced by this action.

**WHEREFORE,** Counsel for Plaintiff move this Court for an order relieving Allie D. Argoe, Esq., Thomas W. Winslow, Esq., and the law firm of Goldfinch Winslow, LLC, as counsel of record for the Plaintiff.

**[signature page to follow]**

ELECTRONICALLY FILED - 2020 Dec 29 11:11 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

Respectfully submitted,


*s/Allie D. Argoe, Esq.*
Allie D. Argoe, Esq.
Thomas W. Winslow, Esq.
Goldfinch Winslow, LLC
11019 Ocean Highway
Pawleys Island, SC 29585
Phone: 843-357-9301
Fax:    843-357-9303
allie@goldfinchwinslow.com

Attorneys for Plaintiff

December 29, 2020
Pawleys Island, South Carolina

ELECTRONICALLY FILED - 2021 Jan 13 11:46 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF HORRY<br><br>STACY LANGSDORF,<br><br>                        Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC<br>d/b/a MARRIOTT BONVOY d/b/a<br>MARRIOTT MYRTLE BEACH<br>RESORT & SPA AT GRANDE<br>DUNES,<br><br>                     Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>C/A No.: 2020-CP-26-<u>06051</u><br><br><br>**PLAINTIFF'S NOTICE OF MOTION<br>AND MOTION FOR CONTINUANCE** |

COMES NOW PLAINTIFF, Stacy Langsdorf, by and through the undersigned attorney, pursuant to Rule 40 of the South Carolina Rules of Civil Procedure, hereby moves this Court to for an Order granting Plaintiff's Notice of Motion and Motion for Continuance from the hearing scheduled for February 1, 2021, at 1:30 p.m., in the Court of Common Pleas in the above matter.

The Plaintiff hereby files this Motion for Continuance of the aforementioned hearing, based upon the following reasons:

    a. Plaintiff is still attempting to serve Defendants with the filed Amended Summons and Complaint;

    b. Plaintiff believes Defendants should be properly served and have the opportunity to hire an attorney to represent their interests in this Motion hearing;

    c. Further, this hearing was originally scheduled for an in-person hearing. Due to COVID-19 this hearing has been changed to a WEBEX Hearing. Plaintiff's attorney, in their attempt to serve Defendants, notified Defendants of the in-person hearing notice.

ELECTRONICALLY FILED - 2021 Jan 13 11:46 AM - HORRY - COMMON PLEAS - CASE#2020CP2606051

2.  That this motion is not made for delay nor obfuscation.

5.  Furthermore, the non-moving Party will not be prejudiced if this Motion is granted.

Pursuant to Rule 11(a) of the South Carolina Rules of Civil Procedure, prior to filing this Motion, Plaintiff's counsel, determined that due to the impending court date, any attempt to communicate with the opposing Party and/or if that Party has legal counsel may delay filing of this Motion and subsequent Order of the Court on this Motion, and therefore would serve no useful purpose.

Therefore, the Plaintiff hereby respectfully request that the Motion for Continuance be granted for the above stated reasons.

Respectfully submitted,

**GOLDFINCH WINSLOW, LLC**

s/ Allie D. Argoe
Allie D. Argoe Esquire
11019 Ocean Highway
Pawleys Island, SC 29585
Telephone: (843) 357-9301
Fax: (843) 357-9303
Allie@goldfinchwinslow.com
ATTORNEYS FOR PLAINTIFF

Pawleys Island, South Carolina
January 13, 2021

ELECTRONICALLY FILED - 2021 Jan 14 3:44 PM - HORRY - COMMON PLEAS - CASE#2020CP2606051

STATE OF SOUTH CAROLINA
COUNTY OF **Error! Reference source not found.**

STACY LANGSDORF,

       ***Error! Reference source not found.***,

v.

MARRIOTT INTERNATIONAL, INC d/b/a MARRIOTT BONVOY d/b/a MARRIOTT MYRTLE BEACH RESORT & SPA AT GRANDE DUNES,

       *Defendant*.

IN THE COURT OF COMMON PLEAS
 JUDICIAL CIRCUIT

C/A No.: 2020-CP--<u>06051</u>

**ORDER FOR CONTINUANCE**

      This matter was scheduled to be heard before the Honorable Court on February 1, 2021, at 1:30 p.m., in the Court of Common Pleas in the above matter. This matter has been continued to allow Plaintiff to properly serve Defendants and for good cause shown. The hearing shall be rescheduled as soon as the court's docket allows.

      AND IT IS SO ORDERED.

                                       _____
                                       Presiding Judge

Conway, South Carolina
_____, 2021

ELECTRONICALLY FILED - 2021 Jan 14 3:44 PM - HORRY - COMMON PLEAS - CASE#2020CP2606051



Horry Common Pleas

**Case Caption:**    Stacy  Langsdorf VS   Marriott International Inc , defendant, et al

**Case Number:**    2020CP2606051

**Type:**    Order/Continuance

Chief Administrative Judge
Court of Common Pleas, 15th Judicial Circuit
s/Benjamin H. Culbertson, Judge Code 2148

Electronically signed on 2021-01-14 12:10:29    page 2 of 2

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF HORRY ) FIFTEENTH JUDICIAL CIRCUIT

Stacy Langsdorf, ) Civil Action No.: 2020CP2606051

               Plaintiff, )

vs. ) **ACCEPTANCE OF SERVICE**
) **ON BEHALF OF COLUMBIA SUSSEX**
) **CORPORATION**

Columbia Sussex Corporation and )
Columbia Properties Myrtle Beach, LLC, )

               Defendant. )
)

THE UNDERSIGNED, Christian Stegmaier, is duly authorized and does hereby accept

service of the Amended Summons & Complaint in the above matter for Defendant Columbia

Sussex Corporation (and the real party in interest Columbia Sussex Management, LLC) this 8th

day of February, 2021.

              By:    *s/Christian Stegmaier*
                      CHRISTIAN STEGMAIER
                      SC Bar No. 68648
                      cstegmaier@collinsandlacy.com
                      Collins & Lacy, PC
                      Post Office Box 12487
                      Columbia, SC  29211
                      803.256.2660 (voice)
                      803.771.4484 (fax)

                      ATTORNEYS FOR DEFENDANTS
                      COLUMBIA SUSSEX CORPORATION
                      AND COLUMBIA PROPERTIES
                      MYRTLE BEACH, LLC

Columbia, South Carolina
February 8, 2021

ELECTRONICALLY FILED - 2021 Feb 08 4:22 PM - HORRY - COMMON PLEAS - CASE#2020CP2606051

ELECTRONICALLY FILED - 2021 Feb 08 4:24 PM - HORRY - COMMON PLEAS - CASE#2020CP2606051

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF HORRY | ) | FIFTEENTH JUDICIAL CIRCUIT |
| | ) | |
| Stacy Langsdorf, | ) | Civil Action No.: 2020CP2606051 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **ACCEPTANCE OF SERVICE** |
| vs. | ) | **ON BEHALF OF COLUMBIA** |
| | ) | **PROPERTIES MYRTLE BEACH, LLC** |
| Columbia Sussex Corporation and | ) | |
| Columbia Properties Myrtle Beach, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THE UNDERSIGNED, Christian Stegmaier, is duly authorized and does hereby accept

service of the Amended Summons & Complaint in the above matter for Defendant Columbia

Properties Myrtle Beach, LLC, this 8th day of February, 2021.


By:     *s/Christian Stegmaier*
        CHRISTIAN STEGMAIER
        SC Bar No. 68648
        cstegmaier@collinsandlacy.com
        Collins & Lacy, PC
        Post Office Box 12487
        Columbia, SC  29211
        803.256.2660 (voice)
        803.771.4484 (fax)

        ATTORNEYS FOR DEFENDANTS
        COLUMBIA SUSSEX CORPORATION
        AND COLUMBIA PROPERTIES
        MYRTLE BEACH, LLC

Columbia, South Carolina
February 8, 2021

ELECTRONICALLY FILED - 2021 Feb 08 4:19 PM - HORRY - COMMON PLEAS - CASE#2020CP2606051

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| Stacy Langsdorf, | Civil Action No.:  2020CP2606051 |
| Plaintiff, | |
| vs. | **JOINT STIPULATION OF DISMISSAL WITH PREJUDICE AS TO <u>ONLY</u> DEFENDANT MARRIOTT INTERNATIONAL, INC. D/B/A MARRIOTT BONVOY D/B/A MARRIOTT MYRTLE BEACH RESORT & SPA AT GRANDE DUNES** |
| Marriott International, Inc. d/b/a Marriott Bonvoy d/b/a Marriott Myrtle Beach Resort & Spa at Grande Dunes; Columbia Sussex Corporation and Columbia Properties Myrtle Beach, LLC, | |
| Defendant. | **(Does NOT end case)** |

Pursuant to Rule 41(a)(1) of the South Carolina Rules of Civil Procedure, Plaintiff Stacy Langsdorf and Defendants, by and through their respective counsel, hereby give notice that Marriott International, Inc. d/b/a Marriott Bonvoy d/b/a Marriott Myrtle Beach Resort & Spa at Grande Dunes is voluntarily dismissed from this action, with prejudice. This does not affect the action pending against the remaining defendants.

<u>**WE SO STIPULATE:**</u>
GOLDFINCH WINSLOW, LLC

*s/Allie D. Argoe*
ALLIE D. ARGOE
SC Bar No. 102178
allie@goldfinchwinslow.com
11019 Ocean Highway
Pawleys Island, SC 29585
843.357.9301 (voice)
843.357.9303 (fax)

ATTORNEY FOR PLAINTIFF

<u>**WE SO STIPULATE:**</u>
COLLINS & LACY, P.C.

*s/Christian Stegmaier*
CHRISTIAN STEGMAIER
SC Bar No. 68648
cstegmaier@collinsandlacy.com
LAURA R. BAER
SC Bar No. 101076
lbaer@collinsandlacy.com
Post Office Box 12487
Columbia, SC  29211
803.256.2660 (voice)
803.771.4484 (fax)

ATTORNEYS FOR DEFENDANTS

February 8, 2021

ELECTRONICALLY FILED - 2021 Feb 10 1:10 PM - HORRY - COMMON PLEAS - CASE#2020CP2606051

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF HORRY | ) | FIFTEENTH JUDICIAL CIRCUIT |
| | ) | |
| Stacy Langsdorf, | ) | Civil Action No.:  2020CP2606051 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CONSENT ORDER** |
| | ) | **SUBSTITUTING REAL PARTY IN** |
| Columbia Sussex Corporation and | ) | **INTEREST AND AMENDING CAPTION** |
| Columbia Properties Myrtle Beach, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On October 20, 2020, the original complaint in this matter was filed by *pro se* Plaintiff Stacy Langsdorf ("Plaintiff"), naming as defendants Marriott International, Inc. d/b/a Marriott Bonvoy d/b/a Marriott Myrtle Beach Resort & Spa at Grand Dunes, Columbia Sussex Corporation and Columbia Properties Myrtle Beach, LLC ("Defendants").  On December 29, 2020, Plaintiff filed an Amended Complaint through undersigned counsel.  Only the Marriott entity was listed on the Summons associated with the original and the amended Complaints.

By separate stipulation filed in this matter, Marriott International, Inc. d/b/a Marriott Bonvoy d/b/a Marriott Myrtle Beach Resort & Spa at Grand Dunes has been dismissed with prejudice.

The parties have consulted and further desire to substitute Columbia Sussex Management, LLC, as a party for the current defendant Columbia Sussex Corporation.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the real party in interest in this matter is Columbia Sussex Management, LLC, in place of Columbia Sussex Corporation, in the original and amended Complaint and in future filings in this case.  The

1

reference to Columbia Sussex Corporation shall be deleted in any future captions in this case and replaced with Columbia Sussex Management, LLC.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the amended complaint need not be re-filed or re-served and the substituted parties will file their responsive pleadings in the normal course based upon the acceptance of service previously filed in this matter.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk of Court is herewith instructed to make the changes and deletions of record.

**AND IT IS SO ORDERED.**

[JUDICIAL E-SIGNATURE PAGE TO FOLLOW]

<u>**WE SO CONSENT:**</u>
GOLDFINCH WINSLOW, LLC

<u>*s/Allie D. Argoe*</u>
ALLIE D. ARGOE
SC Bar No. 102178
allie@goldfinchwinslow.com
11019 Ocean Highway
Pawleys Island, SC 29585
843.357.9301 (voice)
843.357.9303 (fax)

ATTORNEY FOR PLAINTIFF

<u>**WE SO CONSENT:**</u>
COLLINS & LACY, P.C.

<u>*s/Christian Stegmaier*</u>
CHRISTIAN STEGMAIER
SC Bar No. 68648
cstegmaier@collinsandlacy.com
LAURA R. BAER
SC Bar No. 101076
lbaer@collinsandlacy.com
Post Office Box 12487
Columbia, SC  29211
803.256.2660 (voice)
803.771.4484 (fax)

ATTORNEYS FOR DEFENDANTS CP
COLUMBIA, LLC AND COLUMBIA
SUSSEX MANAGEMENT, LLC

February 10, 2021
Pawleys Island, South Carolina

February 10, 2021
Columbia, South Carolina

2

ELECTRONICALLY FILED - 2021 Feb 10 1:10 PM - HORRY - COMMON PLEAS - CASE#2020CP2606051

ELECTRONICALLY FILED - 2021 Feb 10 1:10 PM - HORRY - COMMON PLEAS - CASE#2020CP2606051



### Horry Common Pleas

**Case Caption:**     Stacy  Langsdorf VS   Marriott International Inc , defendant, et al

**Case Number:**     2020CP2606051

**Type:**                    Order/Substitution of Parties


Resident Circuit Court Judge, 15th Judicial Circuit

s/Benjamin H. Culbertson, Judge Code 2148


Electronically signed on 2021-02-10 10:45:44     page 3 of 3